IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER WHITTLE, #27830-045, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00537-SMY |
| | ) |
| WILLIAM TRUE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Christopher Whittle, an inmate in the custody of the Federal Bureau of Prisons ("BOP") who is incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the BOP's calculation of his sentence for possession of narcotics in *United States v. Whittle*, No. 15-CR-4016-BCW-1 (W.D. Mo. 2015). (Doc. 1). Whittle claims he is entitled to a credit of 410 days for time he served in jail, from the date he was indicted until the date he was sentenced in his federal criminal case (*i.e.*, from April 2, 2015 until May 17, 2016). (*Id*. at p. 6). Whittle asks this Court to recalculate his sentence and immediately release him from custody. (*Id*. at p. 8). He filed the Section 2241 Petition without prepaying the $5.00 filing fee or seeking leave to proceed *in forma pauperis*.

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

A petition filed pursuant to 28 U.S.C. § 2241 by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Section 2241 can be used to challenge the computation of a federal inmate's sentence by the BOP in the district of confinement. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)). *See also Romandine v. United States*, 205 F.3d 731, 736 (7th Cir. 2000). Whittle challenges the BOP's computation of his federal sentence, which he is currently serving at a facility located in this federal judicial district. His claim is thus cognizable under Section 2241 and warrants further consideration. Without commenting on the merits, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**Given Whittle's claim that he is now overdue for release, an expedited response period will be prescribed below.**

### Disposition

**IT IS HEREBY ORDERED** that Respondent True shall answer the Section 2241 Petition or otherwise plead within fourteen (14) days of the date this Order is entered (**on or before June 7, 2019**).[1] This preliminary Order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that the $5.00 filing fee remains due and payable, despite the Court's

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

expedited treatment of this case. Whittle's failure to either pay the full $5.00 filing fee or submit a properly completed application for leave to proceed *in forma pauperis* by June 23, 2019, may result in dismissal of this action. (*See* Doc. 3).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Administrative Order No. 132, Local Rule 72.2(b)(3), and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: 5/24/2019**

s/ STACI M. YANDLE
**District Judge**
**United States District Court**