# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER WHITTLE, <br> # 27830-045, <br><br> Petitioner, <br><br> vs. <br><br> D. SPROUL, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 19-cv-537-SMY <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Christopher Whittle is incarcerated at the United States Penitentiary in Marion, Illinois ("Marion"). He filed this habeas corpus action pursuant to 28 U.S.C. § 2241 in May 2019 to challenge the calculation of his 72-month sentence for drug possession imposed in *United States v. Whittle*, No. 15-CR-4016-BCW-1 (W.D. Mo. 2015). (Doc. 1). Whittle claims that he is entitled to 410 days' credit against his federal sentence for jail time he served from the date of his indictment (April 2, 2015) until the date he was sentenced (May 17, 2016). (Doc. 1, pp. 6, 8). He asserts that he is entitled to immediate release if the Bureau of Prisons ("BOP") gives him proper credit for the presentence custody.

Respondent opposes habeas relief on the merits and on procedural grounds. The BOP asserts that Whittle's federal sentence did not begin to run until the date of his sentencing (May 17, 2016) and he is not entitled to the credit he claims. (Doc. 8, pp. 1-3, 5-8). Further, it points out that Whittle failed to seek redress for his claim through the prison administrative grievance and appeal process as he is required to do before filing his federal habeas petition. (Doc. 8, pp. 3-5). Whittle was given an opportunity to reply to the matters raised in the Response but has not

1

done so and his deadline to reply has long expired. (Doc. 9). Therefore, the case is ripe for resolution.

**Relevant Facts and Procedural History**

Whittle was convicted in two Missouri state cases before he was charged with the federal offense. (Doc. 8, p. 2). He was in state custody for a probation revocation at the time of his federal indictment in April 2015 and was transferred to federal custody on a writ of *habeas corpus ad prosequendum* issued on July 9, 2015. (Doc. 8-1, p. 2). Whittle's federal sentence, imposed on May 17, 2016, was ordered to run concurrently to his state sentences. *Id.* He was returned to Missouri custody to complete the state sentences, which he did on July 1, 2016. He then was transferred to federal custody for the completion of his federal sentence. (Doc. 8, p. 2; Doc. 8-1, pp. 2-3). According to the BOP's sentence computation, Whittle's projected release date as of the time the Response was filed was August 7, 2021. (Doc. 8, pp. 1-2; Doc. 8-5, p. 1).

Whittle was notified of the BOP's sentence computation and his projected release date in August 2016. (Doc. 8, p. 3; Doc. 8-3, pp. 1-2). He did not initiate an administrative grievance regarding the sentence credit issue until approximately May 15, 2019, and the administrative appeal process was not completed when he filed his Petition in this Court on May 24, 2019. (Doc. 1, p. 2; Doc. 8, p. 3).

**Discussion**

The Attorney General, acting through the BOP, calculates an inmate's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A habeas petition pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge

the calculation, *i.e*., the execution, of a sentence. *Romandine v. U.S.*, 206 F.3d 731, 736 (7th Cir. 2000). However, before the Court can consider such a claim, the petitioner must exhaust administrative remedies. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Jackson v. Carlson*, 707 F.2d 943, 949 (7th Cir. 1983).

The BOP has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The Program is described in detail in the Response to the Petition. (Doc. 8, p. 4). Here, Whittle started the administrative review process by submitting a BP-8 form to his counselor on or about May 16, 2019. (Doc. 8, p. 4; Doc. 8-9). The BP-8 was denied in an undated response. (Doc. 8-9, p. 3). Whittle took the next step by filing a BP-9, but the response to that appeal was not due until after the Respondent's pleading was filed herein. (Doc. 8, pp. 4-5; Doc. 8-8, p. 2). Clearly, Whittle did not complete the administrative appeal process before filing his Habeas Petition. His Petition will therefore be dismissed without prejudice for failure to exhaust his administrative remedies.[1]

## Conclusion

For the foregoing reasons, Petitioner Christopher Whittle's Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment

---

[1] In light of this conclusion, the Court finds it unnecessary to address Respondent's remaining argument on the merits of Whittle's sentence credit claim. (Doc. 8, pp. 5-8). Finally, the Court notes that Whittle's projected release date has been advanced from August 2021 to June 26, 2020, according to the BOP's inmate search website, possibly as the result of the claim reflected herein. Https://www.bop.gov/inmateloc/ (Last visited December 20, 2019). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

accordingly.

It is not necessary for Whittle to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner chooses to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: December 20, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**